IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVENELL L. ASH,

                Plaintiff,

v.

SUPERIOR POLICE DEPARTMENT,
KELLY THIMM, CHAD LALOR,
OFFICER TODD CARLSON, DARCY LAFLAMME,
and ROSALYN BYRD,

                Defendants.

OPINION and ORDER

24-cv-660-jdp

---

Davenell Ash, proceeding without counsel, has filed this lawsuit alleging that she is the target of a wide-ranging conspiracy that involves a state judge, a prosecutor, the City of Superior Police Department, and two other individuals to surveil and harass her using equipment from the Department of Defense. The court has granted her leave to proceed without prepayment of any portion of the filing fee. Dkt. 3. The next step is to screen Ash's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2).

When screening a complaint filed by a litigant proceeding without counsel, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But even under this lenient standard, a court may dismiss a complaint as frivolous where it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Allegations are factually frivolous if they are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir.

2007) (citations omitted). I conclude that Ash's claims lack an arguable basis in law and fact and duplicate claims in her pending stayed case, so I will dismiss her case.

Ash's allegations in this case are similar to allegations that she has made in four previous cases in this court as well as in numerous cases that she filed in the District of Minnesota. *See Ash v. Wisconsin*, No. 21-cv-317-jdp; *Ash v. Superior Police Dep't*, No. 22-cv-512-jdp; *Ash v. Thimm*, No. 22-cv-659-jdp; *Ash v. Superior Police Dep't*, No. 24-cv-123-jdp; *see also Ash v. Minnesota*, No. 21-CV-1143, 2021 WL 2289738, at *1 (D. Minn. May 19, 2021); *Ash v. Lee*, No. 22-cv-1804, Dkt. 3 (D. Minn. Sept. 13, 2022); *Ash v. Minnesota*, No. 22-CV-2479, 2022 WL 17225717, at *1–2 (D. Minn. Oct. 19, 2022); *Ash v. Minnesota*, No. 23-CV-295, Dkt. 6 (D. Minn. Mar. 13, 2023); *Ash v. Minnesota*, No. 23-CV-891, Dkt. 3 (D. Minn. May 11, 2023).

In this complaint, Ash says that she is seeking relief for the same alleged conspiracy that was the subject of the prior complaints she filed in this court. Dkt. 1, at 6. Specifically, she alleges the Superior Police Department, a state judge, a state prosecutor, and many others have conspired to use military equipment to surveil and electrically harass her at her home and business. Ash contends that the defendants in this case and other unnamed individuals have "partnered with state and federal agencies and began leading, directing, narrating and moderating livestreamed recorded inhumane harassment for public exploitation, entertainment and profit . . . using drone surveillance technology offered under the LESO 1033 surplus program administered by the Dept. of Defense." Dkt. 1, at 6. I screened Ash's complaints in her four prior cases and concluded that her claims about the same alleged conspiracy were factually frivolous. *See* Dkt. 6 in the '317 case, at 3; Dkt. 4 in the '512 case, at 2; Dkt. 4 in the '659 case, at 2; Dkt. 5 in the '123 case. I will dismiss Ash's new claims about the alleged conspiracy to surveil and electronically harass her on the same ground.

This is now five meritless cases that Ash has filed with this court concerning irrational and implausible allegations about a conspiracy to harass and surveil Ash using drones, radiation, and "electrical torture." Ash has filed at least five similar meritless cases concerning similar allegations in the District of Minnesota, and that court has barred her from filing any new cases against the State of Minnesota, the police departments of Duluth or Hibbing, Rich Lee, Troy Loeb, or Leanne Garbano unless she is represented by counsel or receives advance authorization from a judicial officer in that district. I will enter the following filing restriction against Ash: she may not file any complaint concerning the use of drones, radiation, or other equipment from the Department of Defense to surveil and harass her. Any complaint making those allegations will be summarily dismissed.

ORDER

IT IS ORDERED that:

1. Plaintiff Davenell Ash's complaint, Dkt. 1, is DISMISSED with prejudice. The clerk of court is directed to enter judgment accordingly and close the case.

2. Plaintiff is sanctioned with the filing restriction described in the order above.

Entered November 21, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge